IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

WESLEY EUGENE RICHARDSON                                          PLAINTIFF

vs.                              Civil No. 2:11-cv-02080

MICHAEL J. ASTRUE                                               DEFENDANT
Commissioner, Social Security Administration


## MEMORANDUM OPINION

Wesley Eugene Richardson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of

the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying his

applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and

a period of disability under Titles II and XVI the Act.  The parties have consented to the jurisdiction

of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial,

ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]

Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final

judgment in this matter.

1.      **Background:**

Plaintiff protectively filed his applications on June 6, 2008.  (Tr. 80, 128-135).  In his

applications, Plaintiff alleged he was disabled due to anger, forgetfulness, depression, impulsiveness,

"bouts of mania," "racing thoughts," difficulty concentrating, chronic fatigue, insomnia, panic attacks,

social behavior, diarrhea, vomiting, nausea, pain in stomach and sides, and headaches.  (Tr. 177).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

1

Plaintiff alleged an onset date of November 1, 2007.  (Tr. 128).  These applications were denied initially and again upon reconsideration.  (Tr. 73-76).

Thereafter, on October 3, 2008, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted.  (Tr. 113-114).  An administrative hearing was held on June 3, 2009.  (Tr. 37-72).  Plaintiff was present and was represented by Avanelle Givens at this hearing.  *Id.*  Plaintiff, a witness for Plaintiff, and Vocational Expert ("VE") David O'Neill testified at this hearing.  *Id.*  On the date of this hearing, Plaintiff was thirty-one (31) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (DIB) and 20 C.F.R. § 416.963(c) (SSI), and had graduated from high school and completed a year of college.  (Tr. 44).

On December 16, 2009, the ALJ entered an unfavorable decision on Plaintiff's disability applications.  (Tr. 80-92).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2012.  (Tr. 82, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since his alleged onset date of November 19, 2007.  (Tr. 82, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: mood disorder, anemia, and Hepatitis C.  (Tr. 82-83, Finding 3).  The ALJ also determined none of Plaintiff's impairments, singularly or in combination, met the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 83-84, Finding 4).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 84-91).  First, the ALJ evaluated Plaintiff's subjective complaints and determined they were not credible to the extent he alleged disabling limitations.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR

2

404.1567(b) and 416.967(b) except that he is limited to occasional climbing, balancing, stooping, kneeling, crouching, and crawling. The claimant can understand, remember and carry out simple, routine and repetitive tasks. The claimant can have occasional contact with supervisors and coworkers, but have no contact with the general public.

(Tr. 84-91, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 91, Finding 6). The VE testified at the administrative hearing regarding this issue. (Tr. 68). Based upon that testimony, the ALJ determined Plaintiff's PRW included work as a custodian, which was performed at the heavy exertional level. (Tr. 91). After comparing Plaintiff's RFC to the requirements of this PRW, the ALJ determined Plaintiff was unable to perform his PRW. *Id.*

The ALJ then evaluated whether Plaintiff could perform other work existing in significant numbers in the national economy. (Tr. 91-92, Finding 10). The VE testified at the administrative hearing regarding this issue. (Tr. 68-71). Based upon that testimony, the ALJ determined Plaintiff could perform work such as a poultry worker with 800 such jobs in the region and 5,100 such jobs in the nation; laundry worker with 700 such jobs in the region and 15,000 such jobs in the nation; machine tender with 200 such jobs in the region and 12,000 such jobs in the nation; and sorter with 350 such jobs in the region and 12,000 such jobs in the nation. (Tr. 92). Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from November 19, 2007 through the date of the his decision or through December 16, 2009. (Tr. 92, Finding 11).

On December 29, 2009, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 122-123). *See* 20 C.F.R. § 404.968. On March 15, 2011, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On May 6, 2011, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on May 19, 2011.

3

ECF No. 5.  Both Parties have filed appeal briefs.  ECF Nos. 7-8.  This case is now ready for decision.

2.      **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See*

42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**   **Discussion:**

In his appeal brief, Plaintiff claims the ALJ's unfavorable disability determination is not supported by substantial evidence in the record. ECF No. 7. Specifically, Plaintiff claims the following: (1) the ALJ erred by failing to properly develop the record; (2) the ALJ erred by failing to consider evidence which detracted from his findings; (3) the ALJ erred by failing to consider the credibility of his subjective complaints; (4) the ALJ gave improper weight to the opinions of his treating physician; (5) the ALJ improperly evaluated his RFC; and (6) the ALJ failed to satisfy his burden at Step Five of the sequential evaluation. *Id.* Because this Court finds the ALJ erred by failing to fully consider Plaintiff's Global Assessment of Functioning ("GAF") scores, this Court will

only address Plaintiff's fourth argument for reversal.

In social security cases, it is important for an ALJ to evaluate a claimant's Global Assessment of Functioning ("GAF") score or scores in determining whether that claimant is disabled due to a mental impairment. GAF scores range from 0 to 100. Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000). The Eighth Circuit has repeatedly held GAF scores must be carefully evaluated when determining a claimant's RFC. *See, e.g., Conklin v. Astrue,* 360 F. App'x. 704, 707 (8th Cir. 2010) (reversing and remanding an ALJ's disability determination in part because the ALJ failed to consider the claimant's GAF scores of 35 and 40); *Pates-Fires v. Astrue,* 564 F.3d 935, 944-45 (8th Cir. 2009) (holding that the ALJ's RFC finding was not supported by substantial evidence in the record as a whole, in part due to the ALJ's failure to discuss or consider numerous GAF scores below 50).

Indeed, a GAF score at or below 40 should be carefully considered because such a low score reflects "a major impairment in several areas such as work, family relations, judgment, or mood." *Conklin,* 360 F. App'x at 707 n.2 (*quoting* Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000)). A GAF score of 40 to 50 also indicates a claimant suffers from severe symptoms. Specifically, a person with that GAF score suffers from "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000).

In the present action, Plaintiff was assessed as consistently having GAF scores below 50 during his treatment at Counseling Associates, Inc. (*See, e.g.,* Tr. 550, 555, 562-564, 566-570, 572-574). Notably, on January 24, 2005, Plaintiff was assessed as having a GAF score of 50. (Tr. 572-

6

574).  On November 7, 2006, Plaintiff was assessed as having a GAF score of 45.  (Tr. 570).  On February 6, 2007, he was found to have a GAF score of 42.  (Tr. 569).  On March 19, 2007, he was found to have a GAF score of 50.  (Tr. 568).  On August 27, 2007, he was found to have a GAF score of 45.  (Tr. 567).  On September 24, 2007, he was found to have a GAF score of 40.  (Tr. 566).  On February 5, 2008, he was found to have a GAF score of 40.  (Tr. 564).  On March 17, 2008, he was found to have a GAF score of 48.  (Tr. 563).  On April 21, 2008, he was found to have a GAF score of 44.  (Tr. 562).  On June 9, 2008, he was found to have a GAF score of 46.  (Tr. 555).  On July 29, 2008, he was found to have a GAF score of 31.  (Tr. 550).

These low GAF scores are also consistent with Plaintiff's testimony regarding his alleged mental impairments.  During the administrative hearing in this matter, Plaintiff reported he had been diagnosed with bipolar disorder, had difficulty dealing with his co-workers, and had difficulty controlling his anger.  (Tr. 49-52).  Plaintiff reported one instance where he attacked a fellow co-worker after being stressed at work and another instance where he lashed out after an argument with his wife.  *Id.*

In his opinion, the ALJ *did not address* these consistently low GAF scores.  (Tr. 80-92).  Indeed, it appears the only GAF score referenced in his opinion was from November 3, 2008 wherein Plaintiff's GAF score had "improved" to 50.  (Tr. 89).  As noted above, a GAF score of 50 still indicates a severe mental impairment.  Because the ALJ was required to provide a reason for discounting these consistently low GAF scores but did not do so, Plaintiff's case must be reversed and remanded for further development of the record on this issue.  *See Pates-Fires,* 564 F.3d at 944-45.

**4.**      **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 8th day of May, 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE