IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

WESLEY EUGENE RICHARDSON                                  PLAINTIFF

vs.                                  Civil No. 2:11-cv-02080

MICHAEL J. ASTRUE                                            DEFENDANT
Commissioner, Social Security Administration

## ORDER

Pending now before this Court is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"). ECF No. 11. Defendant has responded to this Motion, and Defendant claims the requested fees are excessive. ECF No. 14. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this Order.

**1.    Background:**

Wesley Eugene Richardson ("Plaintiff") appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of his request for disability benefits. ECF No. 1. On May 8, 2012, Plaintiff's case was reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). ECF Nos. 9-10.

On July 26, 2012, Plaintiff filed the present Motion requesting an award of attorney's fees under the EAJA. ECF No. 11. With this Motion, Plaintiff requests an award of attorney's fees of $12,099.09, representing 77.40 hours at an hourly rate of $156.00 in addition to $24.69 in out-of-pocket expenses. *Id.* Defendant responded to this Motion on August 7, 2012, and Defendant objects to Plaintiff's requested fees as being excessive. ECF No. 14.

2.     **Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified.  The Secretary has the burden of proving that the denial of benefits was substantially justified.  *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified").  An EAJA application also must be made within thirty days of a final judgment in an action,  *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired.  *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985.  *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)).  The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.*  Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting

2

unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990). *See also* General Order 39 ("Attorney's Fees Under the Equal Access to Justice Act").

**3.** **Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. ECF Nos. 9-10. Defendant does not contest Plaintiff's claim that he is the prevailing party and does not oppose his application for fees under the EAJA. ECF No. 14. The Court construes the lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $12,099.09, representing 77.40 hours of work performed in 2011 and 2012 at an hourly rate of $156.00 in addition to $24.69 in out-of-pocket expenses. ECF No. 11. This hourly rate of $156.00 is authorized by the EAJA as long as the CPI-South index justifies the enhanced rate. *See* General Order 39. *See also* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504. In the present action, Plaintiff's requested rate of $156.00 per hour is authorized by CPI-South index. Thus, this hourly rate is authorized by the EAJA, and this Court finds Plaintiff is entitled to $156.00 per attorney hour for the hours worked in 2011 and 2012.

Further, this Court has reviewed Plaintiff's request for 77.40 hours of attorney work during 2011 and 2012. Plaintiff has submitted an itemized bill in support of that request. ECF No. 11-5. In his response, Defendant claims Plaintiff is only entitled to 45.90 hours of attorney work instead of 77.40 hours of attorney work. ECF No. 14.

Upon review of Plaintiff's fee petition, Plaintiff requests 42.40 hours for a review of the record and 19.10 hours for preparation of his appeal brief for a total of 61.50 hours to simply brief this case. ECF No. 11-5. This Court is not inclined to reduce Plaintiff's request for attorney's fees. However, in this case, this Court agrees with Defendant's objection and finds Plaintiff's requested fees are excessive. Even though the transcript was lengthy, there is no indication that this case was exceptionally complicated. Thus, this Court reduces the amount Plaintiff requested for review of the record and preparation of the appeal brief by 31.50 hours (from 61.50 hours to 30.0 hours). After a reduction of 31.50 hours from 77.40, this leaves a total award of 45.90 hours at an hourly rate of $156.00 or $7,160.40.

Defendant also objects to Plaintiff's request for out-of-pocket expenses. ECF No. 14. Upon review of Plaintiff's fee petition, Plaintiff has not provided any justification to support his claim for these expenses. Plaintiff's invoice only states "Copy charges – pleadings to DC Court Clerk, Opposing counsel, PACER charges." ECF No. 11-6. Thus, this Court finds Plaintiff is not entitled to the requested $24.69 in out-of-pocket expenses.

Defendant claims the fees awarded should be paid directly to Plaintiff pursuant to *Ratliff*. ECF No. 14. *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant. *See Astrue v. Ratliff,* 130 S.Ct. 2521, 2528 (2010). Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney. However, if Plaintiff has executed a valid assignment to Plaintiff's

4

attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's attorney.

**4.     Conclusion:**

Based upon the foregoing, the Court awards Plaintiff **$7,160.40** in attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

**ENTERED** this **22nd day of August 2012.**

                                                                 /s/   Barry A. Bryant  
                                                                 HON. BARRY A. BRYANT  
                                                                 U.S. MAGISTRATE JUDGE